WALSH (UNITED STATES v.). See Cases Nos. 16,635 and 16,636.

WALSH (VAN EPPS v.). See Case No. 16,-850.

## Case No. 17,117.

### WALSH v. WALSH.

[3 Cranch, C. C. 651.] [1]

Circuit Court, District of Columbia. Nov. Term, 1829.

EVIDENCE IN ORPHANS' COURT — DEPOSITIONS — PRACTICE.

1. The orphans' court is not bound to receive, as evidence, the testimony taken under a commission, not issued by consent of the parties, and not directed to commissioners mutually named by the parties; but directed to any notary-public, justice of the peace, or mayor, in England, Ireland, or elsewhere; and not issued in conformity with any established practice or rule of the orphans' court.

2. The orphans' court may adopt the practice of the court of chancery, as to the manner of issuing commissions, or it may establish rules of practice for itself in this respect.

Appeal from an order of the orphans' court, which rejected certain depositions which had been taken under a commission issued by that court, without the consent of the parties, and directed to any "notary-public, justice of the peace, or mayor, in England, Ireland, or elsewhere." See Act Va. Nov. 29, 1792, p. 279, § 13.

CRANCH, Chief Judge, delivered the opinion of the court (THRUSTON, Circuit Judge, absent).

By Testamentary Law, c. 15, § 12, "the orphans' court shall have full power, authority, and jurisdiction to examine, hear, and decree upon all accounts, claims, and demands, between persons entitled to any distributable part of an intestate estate," "and administrators." This is such a claim and demand, and the jurisdiction is expressly given; and that court must, ex necessitate, ascertain the fact, that the party claiming is entitled to a distributable part of the estate. To do this, it must have the power of obtaining the testimony of witnesses not residing within its territorial jurisdiction. This may be done by

[1] [Reported by Hon. William Cranch, Chief Judge.]

commission, in analogy to the practice in courts of chancery, to which tribunal the orphans' court is referred, (in the same section of the act,) for the extent of its power, and the means to enforce its decrees. The orphans' court may adopt the practice of courts of chancery, as to the manner of issuing its commission; or it may establish rules of practice for itself in this respect. If it has no rule upon the subject, a commission issued according to the practice in chancery would be unexceptionable; but it is not bound to receive testimony not taken according to its own rules. nor according to the rules of any other court.

The commission which was issued in this cause was not issued by consent of the respondent, and was not directed to commissioners mutually named by the parties: but is directed to any notary-public, justice of the peace, or mayor, in England. Ireland, or elsewhere. It is not issued in conformity with any established practice or rule of the orphans' court. or of any other court in this district; and the orphans' court was not bound to receive, as evidence, the testimony taken under it. The order of that court, therefore, "that this cause stand over, in order that a new commission may be awarded, and depositions taken, if desired by the complainant; otherwise, that the same be dismissed at the proper costs of the complainant." is hereby affirmed with costs; and the cause is remanded to the orphans' court for further proceedings.[2]

---

WALSH, The W. J.   See Case No. 17,922.

---

[2] In the Deputy Commissary's Guide, p. 213, is the form of a commission for taking testimony, used by the prerogative court for probate of wills, in Maryland. It is issued in the name of the lord proprietary to four persons, by name, authorizing them, or any three or two of them, to examine witnesses for plaintiff and defendant, on their corporal oaths. to be administered by the commissioners on the Holy Evangels of Almighty God, &c. To which commission was annexed the form of the oath to be taken by the commissioners.

